## Charles D. Parker, Defendant in Error, v. Brown & Bigelow, Plaintiff in Error.

### Gen. No. 16,757.

1. MASTER AND SERVANT—*abandonment of contract.* A travelling salesman is not justified in abandoning his contract of employment upon the ground that another salesman made sales in his territory, where the invasion of his territory was without authority the employer offered to pay him the commission, and the salesman continued to work for some time without complaint and did not set up the incident until at the trial, it further appearing that he had given as his only reason for leaving a desire to make more money.

2. MASTER AND SERVANT—*compensation.* Where a contract, employing a travelling salesman for a year, provides that a part of his commission shall be payable monthly and the balance at the expiration of the year, the salesman on wrongfully abandoning his employment does not forfeit all his commissions and is entitled to the amount that was payable monthly.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912.

WELLS & BLAKELEY, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Charles D. Parker, hereinafter called plaintiff, recovered a judgment against Brown & Bigelow, a corporation hereinafter called defendant, for $448.45, upon a trial by the court. This writ of error is sued out by the defendant to reverse this judgment.

Plaintiff was a traveling salesman for the defendant, and this suit is for commissions claimed to be due under a written contract of employment. The de-

fendant claims that the contract was for an entire year, and as plaintiff left its service within four months after the year began and without its consent, he was entitled to nothing for the work he had performed. It is conceded that plaintiff left the service of defendant May 1, 1909, although his contract of employment called for his services for the entire year, ending January 1, 1910. Upon the trial he endeavored to justify his abandonment of the contract upon the ground that one Carden made certain sales in his territory in February, 1909, the commissions upon which amounted to $10.75. We gather from the record that the trial court found that this fact was a sufficient justification for plaintiff's action in withdrawing from the employment with defendant. The evidence shows that Carden made this sale without the knowledge of defendant and, in fact, in violation of orders. As soon as defendant's attention was called to the matter it wrote to plaintiff, stating that Carden had taken it upon himself to go into his territory, although he had been ordered not to do so. The letter further stated, ''Relative to your commissions on this order, I will do anything you want, either give you the same commissions you would get on it  *  *  *  or if you desire I will cancel the order and let you reinstate it. I had no intention of letting Carden encroach on your territory.'' Plaintiff never made any claim that he was leaving on account of this incident until the trial. The evidence shows that he continued to work for defendant without complaint for some time after he knew of the sales by Carden. Both by letters and in a personal interview with one of the officers of the corporation, he gave as his only reason for leaving the company a desire to earn more money, and expressed his satisfaction with the treatment he had received from the company, saying it was not because of any personal grievance which induced him to leave it.

There was evidence introduced by plaintiff in an attempt to show that defendant had violated the con-

tract in the employment of one Pressey as a salesman in the city of Chicago for the year 1909, but the evidence fails to show that the City of Chicago was included in plaintiff's territory. In view of these facts, we must conclude that any alleged breach of the contract by defendant was not sufficient to justify the conduct of plaintiff in leaving the service of the defendant. The real reason for his leaving is clearly shown to have been his desire to better himself in another employment.

However, we do not agree with counsel that such a breach of the contract by plaintiff deprives him of his earnings during the time he worked under the contract. The provisions of the contract with reference to payment are as follows:

"An amount equal to 75 per cent. of the full commissions on business accepted shall be paid to the salesman at the close of each month, or as soon thereafter as daily reports for the full month's work have been received.

"Providing said salesman shall have fulfilled the conditions specified in the above contract, then the remaining commissions on this contract shall be due and payable on March 1, 1910, or as soon thereafter as the goods are paid for."

By these provisions, 75 per cent. of the commissions for each month's work were due and payable to plaintiff at the close of the month, and the remaining 25 per cent. was to be held by defendant until March 1 of the following year, and then paid to plaintiff, provided there had been no breach of the contract by him. In other words, the parties, by their contract, have agreed upon the amount of damages accruing to defendant in the event of a breach by plaintiff.

For the reason above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*